IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICK AYMAR,<br>        Plaintiff,<br>v.<br>PAUL STASSINOS, et al.,<br>        Defendants. | No. 2:07-cv-02561-JAM-GGH<br>No. 2:07-cv-02771-JAM-GGH<br>No. 2:07-cv-02798-JAM-GGH<br>No. 2:07-cv-02799-JAM-GGH<br><br>ORDER TO SHOW CAUSE REGARDING<br>DISMISSAL OF CLAIMS |

KEVIN ROSE, MELINDA ROSE,
        Plaintiffs,
v.
PAUL STASSINOS, et al.,
        Defendants.

IAN CHAMBERS,
        Plaintiff,
v.
PAUL STASSINOS, et al.,
        Defendants.

SHERELLE MELTON,
        Plaintiff,
v.
PAUL STASSINOS, et al.,
        Defendants.
_____/

     Patrick Aymar, Kevin Rose, Melinda Rose, Ian Chambers, Sherelle Melton each brought a claim against Paul Stassinos, et al., alleging violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, *et seq.* ("FDCPA"), invasion of privacy,

tort in se, criminal conduct, intentional infliction of emotional distress, negligent infliction of emotional, negligence, and negligent hiring, retention, training, and supervision.  For the reasons stated below, the Court orders Plaintiffs to show cause why their claims for tort in se and criminal conduct should not be dismissed.

## OPINION

Federal Rule of Civil Procedure 12(b)(6) permits a complaint to be dismissed for failure to state a claim upon which relief can be granted.  "Dismissal is proper under Rule 12(b)(6) if it appears beyond doubt that the plaintiff can prove no set of facts to support his claims." Manshardt v. Fed. Judicial Qualifications Comm., 408 F.3d 1154, 1156 (9th Cir. 2005).  The Ninth Circuit has stated:

> A trial court may act on its own initiative to note the inadequacy of a complaint and dismiss it for failure to state a claim, but the court must give notice of its sua sponte intention to invoke Rule 12(b)(6) and afford plaintiffs an opportunity to at least submit a written memorandum in opposition to such motion.

Wong v. Bell, 642 F.2d 359, 361-362 (9th Cir. 1981) (internal citations omitted).

Each Plaintiff brings a claim for tort in se, alleging that Defendants violated 15 U.S.C. §§ 1692, *et seq*.  Tort in se, or tort in essence, allows a party to sue under a statute that does not provide a civil remedy so long as the party bringing the suit is in the group for whose benefit the statute was enacted. See S. Bay Bldg. v. Riviera Lend-Lease, 72 Cal.App.4th 1111, 1123 (1999); see also Restat 2d of Torts, § 874A.  However,

because 15 U.S.C. § 1692k provides a civil remedy, these Plaintiffs may not also bring claims for tort in se.

Plaintiffs also bring claims for criminal conduct under California Penal Code §§ 653m, 519, and 524. Plaintiffs do not allege any basis for bringing a claim under criminal statutes. In fact, no private right of action has been recognized for these sections of the California Penal Code. See Wolk v. Green, 516 F.Supp.2d 1121, 1129 (N.D. Cal. 2007) ("Plaintiff does not provide any authority for her bringing a private extortion claim."). Because Plaintiffs have provided no authority for their right to bring a private extortion suit under criminal law, Plaintiffs do not state claims for criminal conduct.

ORDER

For the reasons stated above, Plaintiffs are ordered to submit further briefing, not to exceed five (5) pages, showing cause why their claims for tort in se and criminal violations should not be dismissed. Plaintiffs briefs should be filed no later than 5:00 pm on August 15, 2008.

IT IS SO ORDERED.

Date: August 4, 2008

JOHN A. MENDEZ,
UNITED STATES DISTRICT JUDGE